UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **ROBERT PHILLIP BENAVIDES,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3: 06cv0075AS |
| | ) | |
| **EDDIE BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about January 27, 2006, *pro se* petitioner Robert Phillip Benavides, an inmate at the Westville Control Unit (WCU) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 22, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on January 4, 2007, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCU in this district. He was the subject of a prisoner disciplinary proceeding. The sanction included an earned credit time deprivation of 60 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The exact description of that case proceeding was ISP 05-01-0419 which would indicate that it was, in fact, at the Indiana State Prison in and around February 2005. There

has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The charge was a so-called Class B offense number 213 described as "intimidation." This is not a criminal case and a full panoply of procedural rights enunciated under the Sixth Amendment of the Constitution of the United States may not prevail in it. For example, there is no right to confront and cross-examine witnesses. This petitioner has not demonstrated that this disciplinary hearing was before an impartial disciplinary decision maker. He has not complied with the demands of *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). The arguments about so-called physical evidence have been discussed by this court in *Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997). This court does not bottom any decision here under harmless error.

When it is all said and done, there is simply no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  January 11, 2007

                                         **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**